## LYMAN S. WEBSTER v. BUSHROD JENKINS.

The vendor of a moveable, proved to have also an interest in the matter in dispute from being allowed by the vendees to use it occasionally for his own advantage, is not a competent witness to prove the sale and delivery of the article, in a contest between the purchaser, and a creditor, who had seized it under an execution against the witness, issued on a judgment for the price.

APPEAL from the District Court of Claiborne, *Campbell*, J.

BULLARD, J., This is an injunction to stay proceedings on a writ of *fieri facias*, and to prevent the sale of a printing press, alleged to be the property of the plaintiff, Webster, by sale to him and delivery before the levy of the execution by one Routh, the defendant in the execution. The District Court being satisfied with the plaintiff's title and possession, perpetuated the injunction, and the defendant appealed.

The plaintiff produced as a witness to prove his title, and the delivery of the press to him, Routh, the debtor against whom the execution issued, who had purchased the same press from the defendant, and for the price of which the present judgment was rendered. He was objected to on the score of interest, but the objection was overruled, and the defendant took a bill of exceptions.

We think the court erred. Routh was not, in our opinion, a competent witness. As the plaintiff's vendor, he is interested in maintaining his title. But he has not only that interest, but also an interest in the occasional use of the press for his own advantage in the way of job work, although on the plaintiff's premises; and the evidence shows that he was engaged in setting up types when the sheriff made the seizure.

The evidence in the record, independently of that of Routh, is wholly insufficient to make out the plaintiff's case.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed; and it is further ordered, that the injunction be dissolved with costs; that the defendant recover against the plaintiff, Webster, ten per cent damages,

reserving his right of action upon the injunction bond against the surety; and that the appellee pay the costs of this appeal.

*Olcott,* for the plaintiff.

*Lawson,* for the appellant.